UNITED STATES TRUST COMPANY OF NEW YORK, as Trustee of the Unexecuted Trusts of the American Estate of CONSUELO, DOWAGER DUCHESS OF MANCHESTER, Deceased, under the Last Will and Testament of Said Deceased, Plaintiff, *v.* WILLIAM ANGUS DROGO, Duke of Manchester, and Others, Defendants.

Supreme Court, New York County, August 17, 1929.

*Cadwalader, Wickersham & Taft* [*Henry W. Taft, Thomas B. Gilchrist* and *Luke B. Lockwood* of counsel], for the plaintiff.

*White & Case* [*William St. John Tozer* and *A. Hayne deYampert* of counsel], for General (English) Trustees.

*Ferdinand D. Sanford,* for the defendants Duke of Manchester and others.

*Davis, Polk, Wardwell, Gardiner & Reed,* for Alexander George Francis Drogo, Viscount Mandeville.

FRANKENTHALER, J. This is an action for the judicial construction of certain portions of the will of Consuelo, Dowager Duchess of Manchester, deceased. By the terms of article 22 of her will the testatrix directed her American trustees to set apart a sum not exceeding £50,000, and to hold the same in trust for the benefit of the " younger children " of her son, the present Duke of Manchester. In article 26 a " younger child " is defined as " every daughter of my said son and also every son of my said son other than any and every son who before my death shall have succeeded to or at my death shall be heir apparent to the title of Duke of Manchester or shall after my death but before attaining 21 years of age succeed to or be heir apparent to such title."

Article 25 reads as follows: " PROVIDED ALWAYS and I HEREBY

DECLARE that notwithstanding any of the trusts hereinbefore declared the annual income arising from the shares (subject to deduction as mentioned in clause 23 hereof) allotted in respect of each younger child of my said son (whether dying in my lifetime leaving issue or child or children living at my death or living at my death or born after my death) of the said sum not exceeding £50,000 shall during the life of my said son and until the younger child of my said son or other the person entitled under the trust hereinbefore declared to the capital or income of such share shall being a male have attained or attain the age of twenty-one years or being a female have attained or attain the age of twenty-one years or have married or marry under that age with the consent of my General Trustees be paid by my American Trustees to my General Trustees to be applied by them for the benefit of the same person and in the same manner as the annual income of my General Residuary Estate is hereinbefore directed to be applied."

When the testatrix died all the " younger children " of the Duke of Manchester were infants. During their infancy the American trustees paid the income of their respective shares of the £50,000 to the general trustees in accordance with article 25. The youngest child has now become of age and the " younger children " now claim to be entitled to receive from the American trustees the full income from their respective shares of the £50,000 fund pursuant to the provisions of article 22. The general trustees, however, take the position that article 25 gives them the right to receive the entire income of said fund until the death of the duke.

It seems fairly clear from a reading of the will as a whole that the words in article 25 " during the life of my said son and until the younger child of my said son  *  *  *  shall being a male have attained or attain the age of twenty-one years or being a female have attained or attain the age of twenty-one years or have married or marry under that age with the consent of my General Trustees," require that two things must *coexist* in order to entitle the general trustees to the income in question, viz., the duke's life and the minority of the " younger children." On the death of the duke prior to the majority of the " younger children " (or, in the case of a female, her prior marriage with the consent of the general trustees) the income need no longer be paid to the general trustees and article 22 then applies to its fullest extent, unrestricted by any of the terms of article 25. If, on the other hand, the " younger children " attain their majority during the life of the duke the same result follows. In short, the word " and " in article 25 appears to be used in its conjunctive sense.

The general trustees, however, adopt the interpretation that

the income is to be paid to them during the life of the duke, *or* during the minority of the " younger children " whichever should last the longer. In other words, they maintain that if the " younger children " reach their majority during the life of the duke they must await his death before they become entitled to the income of the shares set apart for them under article 22. This construction of the will requires that the word " and " be read in its disjunctive sense. If the view of the general trustees were accepted a number of results would follow which seem to be directly contrary to the clearly expressed provisions of article 22. For example, if the duke should die before the majority of a " younger child " the income of the latter's share would have to be paid by the American trustees to the general trustees until the child attained the age of twenty-one years and in the meantime it would be distributed by the general trustees in accordance with the provisions of article 16. This would defeat the intent expressed in article 22 that the income be applied in conformity with " the English statutory power of maintenance and education and accumulation of surplus income." The " younger child " would receive no portion of the income during the period in question. Furthermore, if the " younger child " should die before reaching the age of twenty-one the income of its share would have to be paid to the general trustees during the life of the duke, to be applied, not for the benefit of the children of the deceased child, as contemplated by article 22, but for the benefit of otner members of the duke's family as provided in article 16.

These and similar considerations persuade the court that article 25 was intended merely to provide for the application of the income of the shares of the " younger children " during their minority in a manner contrary to the English statute governing maintenance and support *provided and only so long as the duke still remained alive*. The testatrix evidently contemplated that the " younger children " were adequately cared for and protected during this period by the discretion vested in the general trustees under article 16 to apply, during the life of the duke, the income of the fund in their hands for the maintenance and support of the duke and his family. But upon the death of the duke the general trustees would be under the obligation to apply the funds in their hands under article 16 to the *new* Duke of Manchester *exclusively* and the " younger children " of the deceased duke would no longer be entitled to any share in those funds. To construe article 25 as authorizing the payment of the income of the shares of the " younger children " in the £50,000 fund to the general trustees

after the death of the duke and until the "younger children" attain their majority would mean that they would be unprovided for in the meantime. This was obviously not the intention of the testatrix.

For the reasons indicated the court is of opinion that the will should be construed so that each of the "younger children" of the duke is entitled to receive from the American trustee the full income from his or her allotted share of the £50,000 trust under article 22 of the will.

Submit decision and judgment accordingly on notice.